**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**LORETTA PEOPLES**                                                                 **PLAINTIFF**

V.                              **CASE NO.: 3:10CV00268 BD**

**MICHAEL J. ASTRUE, Commissioner,**
**Social Security Administration**                                                 **DEFENDANT**


**ORDER**

**I.      Procedural History:**

On May 16, 2007, Loretta Peoples filed claims for Disability Insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and Supplemental Security income ("SSI") under Title XVI of the Act.  (Tr. 131-38)  Ms. Peoples claimed disability due to fibromyalgia and degenerative disk disease.  (Tr. 148) At the hearing, Ms. Peoples revised her onset date to October 1, 2005.  (Tr. 10, 34)  She met the insured status requirements for DIB through September 30, 2009.  (Tr. 10)

The Commissioner of the Social Security Administration (the "Commissioner") denied Ms. Peoples's claims initially and upon reconsideration.  (Tr. 49-52)  At her request, an Administrative Law Judge ("ALJ") held a hearing on April 17, 2009, at which Ms. Peoples appeared with her attorney and testified.  (Tr. 24-48)

The ALJ issued a decision on January 8, 2010, finding that Ms. Peoples was not disabled for purposes of the Act.  (Tr. 10-17)  On October 13, 2010, the Appeals Council

denied her request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-5) Ms. Peoples filed her complaint appealing the Commissioner's decision on October 28, 2010. The parties have now filed their briefs (#13,18), and the case is ready for decision.

## II.     Discussion:

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

Here, the ALJ followed the required five-step sequence set forth in 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g). At step one, the ALJ found that Ms. Peoples had not engaged in substantial gainful activity since October 1, 2005, her alleged onset date. (Tr. 12) At step two, the ALJ found that Ms. Peoples's arthritis of the back was a severe impairment. (Tr. 12) The ALJ went on to conclude, however, that Ms. Peoples's right ankle/foot condition, fibromyalgia, and depression and anxiety were not severe impairments. (Tr. 13) Because the ALJ found that the arthritis of the back was a severe impairment, he proceeded to steps three and four and found that Ms. Peoples was not

disabled within the meaning of the Act through the date of his decision, because she could perform her past relevant work. (Tr. 14-16)

Ms. Peoples raises several arguments in this appeal, but the Court need only consider her first argument– that the ALJ's conclusion at step two that her fibromyalgia, ankle impairment, and mental impairment were not severe is not supported by substantial evidence.

While Ms. Peoples had the burden of showing her impairments were severe, this burden is not a great one. *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001). Rather, step two of the sequential evaluation process provides a de minimus screening device to dispose of groundless claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-54, 107 S.Ct. 2287 (1986). An impairment is severe if the effect of the impairment on the claimant's ability to perform basic work is more than slight or minimal. *Warren v. Shalala*, 29 F.3d 1287, 1291 (8th Cir. 1994)(quoting *Cook v. Bowen*, 797 F.2d 687, 690 (8th Cir. 1986)). Basic work activities are "the abilities and aptitudes necessary to do most jobs," such as hearing, standing, walking, sitting, lifting, handling, remembering simple instructions, using judgment, and dealing with changes in a routine work setting. 20 C.F.R. §404.1521. The Commissioner must resolve any doubt as to whether the required showing of severity has been made in favor of the claimant. SSR 85-28 at *4 (1985); *Dewald v. Astrue*, 590 F.Supp.2d 1184, 1199 (D.S.D. 2008)(remanding case for failure to properly evaluate impairments at step two).

Here, the ALJ determined that Ms. Peoples's fibromyalgia, ankle impairment, and mental impairment were not severe. Specifically, he stated that the evidence did not show that Ms. Peoples's mild sensory neuropathy in the left lower extremity caused "significant vocational limitations." (Tr. 13-14) He further concluded, at step two, that her right ankle and foot condition was "resolved with treatment and there was no evidence of treatment for the condition after August 2005," that her depression and anxiety were "well controlled with her medications," and that she was "[not] precluded from all mental work-related activities."

The ALJ improperly held the claimant to a higher standard at step two of the sequential evaluation process than the minimal standard set forth in *Warren v. Shalala*, 29 F.3d 1287, 1291 (8th Cir. 1994). Under *Warren*, Ms. Peoples was not required to establish that she was precluded from *all* mental work-related activities in order to have a mental impairment that was deemed severe at step two. Further, she did not have to show that the mild sensory neuropathy in the left lower extremity caused *significant* vocational limitations in order for it to be considered a severe impairment. As set forth above, the standard is whether an impairment has more than a *slight or minimal* effect on her ability to perform basic work activities *Warren*, 29 F.3d at 1291.

In this case, contrary to the ALJ's statement, the evidence indicates that Ms. Peoples continued to complain of problems with, and to seek treatment for, right ankle and foot pain after August, 2005, to her treating physicians. (Tr. 575, 581, 583-84, 586-

87, 589)  In 2008, Roger Cagle, M.D., noted these complaints and prescribed pain medication and a "cam boot."  (Tr. 581-90)   Accordingly, the ALJ's conclusion that Ms. Peoples's right ankle and foot pain were not severe, because she did not seek treatment after August, 2005, is not supported by the evidence in the record.

Further, in a letter dated December 4, 2007, Steve Austin, M.D., Ms. Peoples's treating physician, and David Baltz, her treating therapist, stated that they had diagnosed Ms. Peoples with mood disorder NOS and dissociative disorder NOS, and that she had some symptoms indicating a possible personality disorder.[1]  (Tr. 551)  The letter states that Ms. Peoples had been attending weekly therapy sessions and monthly medication management appointments.  (Tr. 551)  Mr. Baltz and Dr. Austin noted that Ms. Peoples had "significant difficulties with extreme depressed mood, anxiety, and periods of time when she loses her memory . . . . inability to be in any social/public setting for extended periods of time, and very poor concentration."  (Tr. 551)

The ALJ acknowledged the letter, but concluded that Ms. Peoples's mental impairments were not severe because her depression and anxiety were "well controlled with medications," and because her ability to perform daily activities, such as cooking, driving, and caring for her five-year-old child, indicated she was not precluded from *all* mental work-related activities.  (Tr. 14)   Again, Ms. Peoples was not burdened with

---

[1] Dr. Cagle also noted in his December 18, 2007, letter that he had diagnosed Ms. Peoples with anxiety and depression.  (Tr. 552)

proving that she was precluded from all mental work-related activities in order for the ALJ to find a severe impairment. Further, Dr. Austin's letter indicates that Ms. Peoples's mental impairments had more than a minimal effect on her ability to perform basic work activities such as remembering simple instructions, using judgment, and dealing with changes in a routine work setting. There is no medical evidence in the record contradicting Dr. Austin's opinion.[2]

On this record, the Court cannot conclude that there is substantial evidence to support the ALJ's determination that Ms. Peoples's right ankle and foot problems, fibromyalgia, and anxiety and depression were not severe impairments.

### III. Conclusion:

After consideration of the record as a whole, the Court finds the decision of the Commissioner is not supported by substantial evidence. The Commissioner's decision is reversed and remanded for action consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

---

[2] The Court notes that the ALJ's opinion references 20 C.F.R. §§404.1520a(d)(1) and 416.920a(d)(1). However, the ALJ only analyzed Ms. Peoples's activities of daily living instead of considering all four of the functional areas, as required by the regulations. See 20 C.F.R. §§404.1520a(c)(3) and 416.920a(c)(3). Further, the record does not include a Psychiatric Review Technique Form.

IT IS SO ORDERED this 31st day of October, 2011.

_____
UNITED STATES MAGISTRATE JUDGE